DUNCAN, J.
By the ninth section of the act passed the 15th of March 1832, (Acts of 1831-2, ch. 22, p. 22; Suppl. to Rev. Code, ch. 187, p. 247,) free negroes and mulattoes committing simple larceny to the value of 20 dollars or less, are to be tried and punished in the same manner as slaves are directed to be tried and punished by the fifth section of the act passed the 12th of February 1828 (Acts of 1827-8, ch. 37, p. 30; Suppl. to Rev. Code, ch. 183, p. 242). The mode of trial, and the nature of the punishment, of free negroes 844 and mulattoes *for simple larceny to the value of 20 dollars or less, are made referable to and governed by the 5th section of the last mentioned statute. That section is in these words: “If any slave shall hereafter commit simple larceny of any money &c. of the value of twenty dollars or less, he or she, for every such offence, shall and may be tried by any justice of the peace of the county or corporation in which the same was committed, and upon conviction thereof shall be punished, by order of the justice, by stripes, not exceeding thirty-nine, and if acquitted, the acquittal shall be final.”
The legislature having therefore, by the 9th section of the act of 1832, placed the trial and punishment of free negroes and mulattoes for simple larceny to the value of 20 dollars or less, upon the same footing with the trial and punishment of slaves for the same offence; and as the trial of a slave for such offence is by a justice of the peace, and the punishment is by stripes it follows, that a free negro or mulatto must be tried in the same way, and punished in the same manner; and consequently the justices of the peace of Acco-mac county, sitting as a court of oyer and terminer, had not jurisdiction to try the prisoner for the offence with which she was charged.
And the court being of opinion, that although a writ of error will not lie from this court to the judgment of a court of oyer and terminer, to correct an error of such court in a matter of which it could lawfully take cognizance, yet that in a case clearly not within the jurisdiction of such court, it is in the power of this court to discharge a prisoner who may be imprisoned by its judgment; and being also of opinion, for the reasons aforesaid, that this prisoner is unlawfully detained in custody by the keeper of the public jail and penitentiary, in virtue of the said judgment of the court of oyer and terminer of the county of Ac-comac;
It is therefore ordered that she be discharged.
courts.
I.Definition and Scope.
II.Creation — Duration of Terms.
III. Special Terms.
IV. Rules of Decision.
V.Mayor’s Courts.
VI. County Courts.
1. Formation.
2. Power and Authority.
3. Terms.
4. Jurisdiction.
a. Amount in Controversy.
b. Court of General Jurisdiction.
c. Of Administrations.
d. Of Injunctions.
e. Of Bridges, Roads and Ferries.
f. Of Tavern and Liquor Licenses.
g. Civil Suits in General.
h. Criminal Oases in General.
VII. Corporation, Hustings and Municipal Courts.
1. In General.
2. Duration of Term.
3. Jurisdiction.
a. Constitutional Provisions.
b. Civil Suits in General.
c. Criminal Cases in General.
VIII. Circuit Courts.
1. Jurisdiction in General.
3. Jurisdictional Amount.
3. Place.
4. Where State or State Official Party.
5. Jurisdiction in Civil Suits Generally.
6. Jurisdiction in Criminal Cases Generally.
IX. Court of Appeals.
1. In General.
3. Transfer of Causes.
3. Special Court.
4. Jurisdiction.
a. In General.
b. Criminal Jurisdiction.
c. Original Jurisdiction.
(1) In General.
(3) Mandamus, Prohibition and Habeas Corpus.
X.District Court.
XI.General Court.
XII.Federal Courts.
XIII.General Power and Jurisdiction of State Courts.
1. In General.
3. Abstract Questions.
3. Contempts.
4. Patents.
5. When State Is Interested.
6. Over Federal Affairs.
7. Effect of Bankrupt Proceedings.
Cross References to Monographic Notes.
Appeal and Error, appended to Hill v. Salem & Pepper’s Ferry Turnpike Co., 1 Rob. 263.
Contempts, appended to Wells v. Com., 21 Gratt. 503.
*824 Continuances, appended to Harman v. Howe, 27 Gratt. 676.
Instructions, appended to Womack v. Circle, 29 Gratt. 192.
Juries, appended to Chahoon v. Com., 20 Gratt. 733.
Jurisdiction, appended to Phippen v. Durham, 8 Gratt. 457.
Justices of the Peace, appended to wallace v. Com., 2 Va. Cas. 130.
1. DEFINITION AND SCOPE.
Definition, — A court may he defined as a hody in the government, organized for the public administration of justice at the time and place prescribed by law. 8 Am. & Eng. Enc. Law (2d Ed.) 22.
Scope, — it is the design of this article to treat in a general way the formation and jurisdiction of particular courts, and the principles governing their powers and decisions. By reason of frequent changes in statutes, their powers and jurisdiction have been at various times restricted or enlarged. No effort has been made to explain seemingly conflicting cases, by interpolating the various statutes with their amendments, as it is presumed they are familiar to all. Por questions of general and appellate jurisdiction, reference is made to the mono-graphic notes on “Jurisdiction” and “Appeal and Error," and reference is also made to the recent constitution adopted in Virginia (1902), in which many radical changes were made in the state j udi-ciary system.
II. CREATION-DURATION OF TERMS.
By Legislature — Dependent on Number of Inhabitants — County Court. — where two counties had been joined and were under the jurisdiction of the same county court because they had less than 8,000 inhabitants, the legislature had the power to detach one county and take it out of that j urisdiction, when the census shows a sufficient number of inhabitants, and could establish its own county court. Poster v. Jones, 79 Va. 642, 52 Am. Rep. 637.
Composition of W. Va. County Court in 1881 — Commissioners. — Article 8 of the Constitution of West Virginia, as amended October 12, 1880, provides that after January 1, 1881, county courts shall be composed of three commissioners, abolishing the old court, which consisted of a president and two justices of the peace, and the county courts are divested of all jurisdiction except the specified subjects in § 24 of the amendment. Fowler v. Thompson, 22 W. Va. 106.
Schedule of Constitution Refers Only to Courts of Record. — Section 2 of the schedule of the constitution, declaring that the courts, except as afterwards provided, should continue with the same powers of jurisdiction at law and in equity, as if the constitution had not been adopted, and until the organization of its judicial department, refers only to courts of record, and does not include mayors’ courts. Richmond Mayoralty Case, 19 Gratt. 673.
Judgment in Superior Court on Day of Session of General Court. — A judgment rendered in the superior court in one county on the day when the general court of Virginia was directed by law to be held in another county, was held to be legally rendered though it was the duty of the judge to attend the session of the general court, the distance between the places where the two courts were held being judicially known to the court to be distant from each other only three hours’ ride. Mendum v. Com., 6 Rand. 704.
Superior Court Created While Suit Pending in Supreme Court of United States. — Where an appeal was pending in the united States supreme court in a cause begun in the circuit court of the District of Columbia for the county of Alexandria, when that county was retroceded to Virginia, it was held that the cause, was properly retained by the United States supreme court and decided by it, and that its decision was properly sent down to the superior court for the county of Alexandria established by the laws of Virginia, and ought to be enforced by that court. McLaughlin v. Bank of Potomac, 7 Gratt. 68.
Sunday Not Counted in Days of a Term. — III computing the days of a term of a court, Sunday is not counted as one of them. Michie v. Michie, 17 Gratt. 109 ; Read v. Com., 22 Gratt. 924.
Length of Term of Superior Court. — As there is no fixed limit by law of the term of the circuit superior court, the judge of that court may continue the session until the latest period, which will allow him to arrive at the next court by 4 P. M. of the third day of the term. Hill v. Com., 2 Gratt. 594.
Length of Term of Corporation Court. — Under §§ 26, 36, ch. 154, Code 1873, the corporation courts, which must be held monthly, may postpone the commencement of the next term, in order that a cause on trial may be proceeded with into the ensuing month. Cluverius v. Com., 81 Va. 787.
Adjournment — Failure to Sit. — It is provided by § 15, ch. 157, Code 1873, when a court fails to sit on any day to which it may have adjourned, all matters ready for the court to act upon, if it had been held on any such day, shall be in the same condition and have the same effect, as if continued to the next day of the term that the court may sit. Langhorne v. Waller, 76 Va. 213.
HI. SPECIAL TERMS.
Essentials. — A special session of a county court is only legal after notice of the time and purposes of the sessions have been posted by the clerk on the door Of the courthouse of the county, at least two days before the session is to be held. And to give it any jurisdiction in any matter, it must appear upon its record book that such notice was posted, and the purposes of the session must also appear from such entry on the record book. Mayer v. Adams, 27 W. Va. 245.
Statutory Provisions — Presumptions.—Section 3060, Va. Code 1887, authorizes the judge of the circuit court by an order to the clerk, to appoint a special term, and provides that the clerk shall inform the commonwealth attorney and the sheriff, and post a copy of the warrant on the front door of the courthouse and issue all process for such term. On an issue as to whether a special term had been called in conformity with this statute, it was held that where it was shown to have been complied with in respect to the posting of the order, the Appellate court would presume that all its provisions were duly complied with. Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
Same — Directory.—The provision of a statute that the clerk shall inform the commonwealth attorney and the sheriff of the appointment of a special term of a court is directory merely, and his failure to do so does not affect the validity of the proceedings had at such special term. Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
Same — Omissions—Effect.—Where a judge of the circuit court acting under § 5, ch. 112, W. Va. Code, directs a warrant to the clerk appointing a special term, and the clerk enters the order but fails to post *825 a copy on the door of the courthouse, the omission does not affect the validity of the proceeding’s at such special term. State v. Shanley, 38 W. Va. 516, 18 S. E. Rep. 734.
Same — Consent of Parties. — Section 3062, Va. Code 1887, provides that at a special term, any cause then ready for hearing- may he heard with the consent of the parties. But under such section the court cannot at such term, without such consent, hear a demurrer to a hill and dissolve an injunction. Fowler v. Mosher, 85 Va. 421, 7 S. E. Rep. 542.
Where the report of a judicial sale was filed in the clerk’s office before the regular March term, and should have been acted upon at that term, or the August term following, had either of those terms been held, consent was not necessary to authorize the court to dispose of it at a special term thereafter held, as § 3052, Code 1887, provides that any civil cause may be tried at a special term, which could have been lawfully tried at the last preceding term that was or should have been held. Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
Same — Intermediate Terms — Sale for Taxes.- Under 1 Rev. Code. ch. 69, § 74, which gives the circuit court at intermediate terms, power to hear and decide all motions cognizable by them, whether the same were pending and could have been tried at the previous term or not, and § 6, Act of March 15,1888, which gives them power to order the sale of lands for delinquent taxes in vacation as well as in term, the circuit court has power to order the sale of land for taxes at an intermediate term. Hitchcox v. Rawson, 14 Gratt. 526.
IV. RULES OF DECISION.
Stare Decisis-~What Constitutes. — A prior decision of the court of appeals will not constitute stare decisis of the question involved, where only four judges were sitting, two of whom concurred only in the results and one dissented. Chesapeake, etc., R. Co. v. Wash., etc., R. Co., 99 Va. 715.
When only four judges of the court of appeals are sitting, and they are equally divided in opinion, the decree of the lower court will be affirmed, and will only be reversed -when a majority concur in that opinion. Com. v. Beaumarchais, 3 Call 122.
Where in the absence of two justices, from a court of five, a case is decided on the written opinion of two. and the concurrence of the third in the result only, and it is probable that the latter assents on other grounds, the principle on which such written opinion is based is not a precedent under the rule of stare decisis. Whiting v. Town of West Point, 88 Va. 905, 14 S. E. Rep. 698, 29 Am. St. Rep. 750, 15 L. R. A. 860.
By reason of § 4, art. 3, Constitution oíW. Va., a decision is not binding authority in any other case, unless concurred in by at least three judges. Bruff v. Thompson, 31 W. Va. 16, 6 S. E. Rep. 352.
Decision Establishing Role of Property— When Changed. — When a decision has been rendered by the supreme court of Virginia.^ establishing a rule of property, which has been repeatedly followed in like cases, before the creation of West Virginia, it will not be disturbed or departed from by the courts of the latter state except for the most cogent reasons, and upon a clear manifestation of error. Wilson v. Perry, 29 W. Va. 169, 1 S. E. Rep. 302.
Thus a decision in Virginia, seventeen years before the formation of West Virginia, holding that an insolvent corporation having ceased to do business, could prefer creditors, and at the time of such decision a statute was in existence in Virginia, but j not applicable to the case decided, which denied to a mining or manufacturing corporation the right to make any incumbrances preferring a creditor, and such statute continued until 1863. afLer the formation of West Virginia, when it was repealed by implication, and there has been no statute in force in that state for twenty-four years denying such right to a corporation, the law as thus settled in Virginia is the law of West Virginia, and it cannot be changed except by the legislature. The decision thus rendered has become a rule governing property, and it is not in the power of the court to change it. Pyles v. Riverside Funiture Co., 30 W. Va. 123, 2 S. E. Rep. 909.
The decisions of the old general court, when they go to'establish rules of property, are authority for the court of appeals. Wallace v. Taliaferro, 2 Call 447.
Restricted to Points Actually in Issue. — Adjudicated cases can only be relied on as precedents as to points actually in issue between the parties, and not as to such as may be deemed extrajudicial, unless in relation to the latter, they shall have ripened into law by various and successive decisions. Lewis v. Thornton, 6 Munf. 87.
Rule of Interpretation. — When the principles of a decree of the court of appeals seem to be opposed to its letter, the literal interpretation ought not to be relied on as a binding precedent. Lewis v. Thornton, 6 Munf. 87.
Decision of Court of Conciliation -Consent. — The decision of the court of conciliation, established by the military authority after the war, to adjust disputes during the suspension of the civil authority, is not obligatory upon a party who did not consent to its hearing the case. Myers v. Whitfield, 22 Gratt. 780.
Circuit Court Hust Obey Directions of Court of Appeals. — If the court of appeals remands a cause to the circuit court and directs a new trial in accordance with its views as set out in the opinion, it is the duty of the circuit court at the new trial to adopt those views and instruct the jury in accordance with them, if the facts are the same and the instructions are asked for. Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474.
Effect of English Decisions. — in Virginia, English decisions are to be referred to for information only, not as authority. Marks v. Morris, 4 H. & M. 463.
V. ilAYOR’S COURTS.
Chief Executive Officer of City — Not Subject to Corporation Court. — The mayor, when acting as chief executive officer of the city, is in no sense or to any degree the inferior of the corporation court, nor is he in any wise subject to its superintendence. They are distinct and co-ordinate departments of the corporate government. Burch v. Hardwicke, 23 Gratt 51.
Same — Investigation of Charges against Chief of Police. — Under art. 6, § 20, Constitution of Virginia, the mayor of a city is the chief executive officer of his city, and as such is authorized to supervise the other officers thereof in the executiou of their duties. In investigating charges against the chief of police, he acts as the chief officer of the city, and not as a court; and he cannot be restrained by prohibition from proceeding with the investigation. Burch v. Hardwicke, 23 Gratt. 51.
Same — Same—Cannot Remove State Officers. — Although § 20, art. 6, of the Constitution, authorizes the mayor to remove officers of the municipality, it *826 floes not invest' Rim with power to remove state officers, although they are elected by the people of the municipality, or are appointed by its authorities, and are paid by them. The chief of police of a city is such an officer. If a mayor removes such officer he exceeds his power and is responsible to that officer in a civil action for damages. Burch v. Hardwicke, 30 Gratt. 24. See this case distinguished in Johnston v. Moorman, 80 Va. 131.
Not Authorized to Appoint Special Policeman for Railroads, — The mayor of a city is not authorized by law (§ 1230, Code 1887, amended by Acts 1893-4, p. 262) to appoint a special policeman for a railroad company. Norfolk, etc., R. Co. v. Galliher, 89 Va. 639, 16 S. E. Rep. 935.
Continuances by Statute — Does Not Apply to Mayors. —Code W. Va. ch. 50, § 58, providing for continuances in actions before a justice does not apply to proceedings before the mayor under ch. 47, § 39, making it the special duty of the mayor to preserve the peace and good order of the town. Town of Davis v. Davis, 40 W. Va. 464, 21 S. E. Rep. 907.
Petersburg — Election to Pill Vacancy. — The constitution authorizes the general assembly to declare the mode of Ailing vacancies in office, when not otherwise specially provided for, and vacancies in the office of mayor are not provided for. The charter of Petersburg provides for an election of a qualified person by the common council to fill any vacancy in the office of mayor; and when such a person was so elected, and duly Qualified, the former mayor who held over, was thereby removed from office. Vaughan v. Johnson, 77 Va. 300.
Richmond — Violation of City Ordinance. — The mayor of the city of Richmond has authority to try cases in which a party is prosecuted for the violation of a city ordinance. Mayo v. James, 12 Gratt. 17.
Lynchburg — Concurrent Jurisdiction — Petit Larcenies. — The mayor of the city of Lynchburg, by § 1, Act March 30,1871, has concurrent jurisdiction with the corporation court, of all petit larcenies, and his sentence of a person convicted of such offence is legal. Thomas v. Com., 22 Gratt. 912.
VI. COUNTY COURTS.
1. FORMATION.
By Legislature. — where two counties were joined because they had less than 8,000 inhabitants and were consequently under the jurisdiction of the same county court, it is within the power of the legislature to detach one county and take it out of the jurisdiction of that court, if the census indicates a sufficient number of inhabitants. Foster v. Jones, 79 Va. 642, 52 Am. Rep. 637.
In West Virginia in 1881 — Commissioners.—The county courts of West Virginia, as they existed on the 12th day of October, 1880, notwithstanding the amendment of art. 8, of the Constitution, continued in existence with the limited jurisdiction prescribed by § 24 of said amendment, until the 1st day of January, 1881, after which day they were no longer composed of a president and two justices of the peace, but of the three commissioners mentioned in said amendment, and until the 1st day of January, 1881, they could exercise the limited jurisdiction prescribed by the amendment, at the regular terms of the courts, and in accordance with the laws then in force. Fowler v. Thompson, 22 W. Va. 106.
2. POWER AND AUTHORITY. — See sec. 4, “Jurisdiction,” infra.
Derived from Statutes. — The entire authority of the county courts is derived from the enumerated powers conferred by the statutes giving them jurisdiction. Jackson v. Maxwell, 5 Rand. 636.
Constitutional Limitations in West Virginia. — For all matters that remain vested in county courts by the limitation of their jurisdiction, in consequence of the adoption of the amendment of art. 8 of the Constitution, on the 12th of October, 1880, see Fowler v. Thompson, 22 W. Va. 106.
To Admit to Record Foreign Power of Attorney in 1824. — A county court of Virginia, or its clerk, had no authority in the year 1824, to admit to record a power of attorney executed in Kentucky, where its execution was acknowledged before a notary public, and certified by him. Johnston v. Griswold, 8 W. Va. 240.
Purchase of Sait — Special Authority. — A county court exercises a special ministerial authority when it acts under a statute which authorizes it to purchase salt, and the record must show that the justices were summoned, or that a majority were present when the bond was executed, or it will be null and void. Chesterfield Co. v. Hall, 80 Va. 321; Dinwiddie Co. v. Stuart, 28 Gratt. 526; Pulaski Co. v. Stuart, 28 Gratt. 872.
Execution of Negotiable Notes for Debt by County — It was held in Exch. Bank v. County of Lewis, 28 W. Va. 273, that a county court had no authority to execute negotiable notes for a debt due by the county, as the power conferred upon the county courts of Virginia by the provisions of ch. 53, Code 1849, to provide for the payment of sums chargeable on the counties out of the county levies, prohibits the receiving of money for that purpose in any other way.
To Lease County Property-Statutes — The judge of a county court has no authority to authorize or assent to a lease of county property in his control for other purposes than those provided by law, and any exercise of powers not prescribed is void, and the county may recover the property. Franklin County v. Gills, 96 Va. 330; 31 S. E. Rep. 507 ; Franklin County v. Saunders, 96 Va. 335, 31 S. E. Rep. 1007.
To Borrow Money to Erect Buildings. — It was held in Exch. Bank v. County of Lewis, 28 W. Va. 273, that the county courts of Virginia in 1855 and 1857, had no power or authority to borrow money for the erection of courthouses or other public buildings for the use of their counties.
To Admit Surveyor’s Report to Record. — It is the duty of a county court, acting under § 15, ch. 37, Code 1849, in relation to land sold for taxes, to admit to record the report of the surveyor, if it conforms to the act. It has no authority to inquire into the regularity or validity of the sale of the sheriff. Randolph v. Stalnaker, 13 Gratt. 523.
The county court in passing upon any question under § 15, ch. 37, Code 1849, acts purely in a ministerial capacity. In such case on motion by the purchaser to order the surveyor’s report to be recorded, it has no authority to render a judgment overruling the motion with costs. Delaney v. Goddin, 12 Gratt. 266.
To Hake Contract for Repairing Buildings. — where a county court makes an agreement with a party, for making repairs to the public buildings of a county, it acts as a board of police in its ministerial capacity, and does not act judicially, and its obligations are distinct from its powers as a county court in its judicial capacity. After making said contract as a hoard, it had no authority as a court to make any alterations in it. Despard v. County of Pleasants, 23 W. Va. 318.
*827 3. 'TERMS.
Held by Judge of Another County — Inability to Preside - - Section 3019, Code 1887, provides that when a judge of any county court be unable to preside by reason of absence, death or any other cause, or be so situated as to render it improper for him to preside, the judge of another county may hold the term. And where the judge of another county presides without entering upon the record that the regular judge who was present was so situated as to make it improper for him to preside, the judgment is void. Gresham v. Ewell, 85 Va. 1, 6 S. E. Rep. 700.
Where it appears from the record that the judge of a county court opened the court, and on the second day thereof entered an order that it was improper for him to preside, and thereupon another judge took his seat and proceeded with the term, signing the orders of that day, this was a regular and valid session of the court. Combs v. Com., 90 Va. 88, 17 S. E. Rep. 881.
Same — Constitutional.—Section 14, ch. 154, Code 1773, which provides that in certain cases the court of one county or district maybe held by the judge of another county, is constitutional. Smith v. Com., 75 Va. 904.
Change of Commencement — All Justices Present-Notice. — Under § 2, ch. 157, Va. Code 1849, authorizing the county court to change the day of the commencement of its terms, all the justices of the county having been first summoned, and a majority concurring, such change may be made without the summons having been served, all the justices being present at the time the change is proposed and having an opportunity to be heard. Jackson v. Com., 13 Gratt. 795.
4. JURISDICTION.— See sec. 2, “Power and Authority/’ supra.
a. AMOUNT in Controversy.
General Statement. — The pecuniary amount necessary to give the county court jurisdiction, or the amount which will take the cause out of its jurisdiction, depends entirely upon statute. This amount has been frequently changed, and no attempt has been made to trace it through the various statutes.
In West Virginia Amount Must Exceed Twenty Dollars — Test.—Under the Acts 1872-3, ch. 13, § 3, giving the county court original jurisdiction in all actions at law, where the amount in controversy exceeds $20, the amount claimed by the plaintiff, as shown by the pleadings, and not the verdict of the jury, is the test of the jurisdiction of the court. Marion Mach. Works v. Craig, 18 W. Va. 559.
Under Virginia Code i860. — The same amount was necessary to authorize county courts in Virginia, by Rev. Code 1860, p. 663. Shelton v. Jones, 26 Gratt. 891.
Sale and Division in 1862 — No Jurisdiction When Dividends Exceeded Three Hundred Dollars, — Tn a suit brought in 1862 for the purpose of having dower assigned, the court sponte sua decreed sale of the residue of the land for the purpose of making a division of the proceeds among the infant heirs, they being parties to the suit. The decree of sale was void because the county court transcended its jurisdiction, as the dividend of each exceeded $300. See Va. Code 1860, p. 581, § 3 ; Seamster v. Black-stock, 83 Va. 232, 2 S. E. Rep. 36. See also, Woodhouse v. Pillbates, 77 Va. 317; Wimbish v. Breeden, 77 Va. 324.
Monthly Term — Amount Was Twenty Dollars In 1828. —A county court has no jurisdiction at a monthly term in any suit at law where the value in controversy exceeds $20, and therefore a confession of judgment for a debt of a larger amount, entered at a monthly term of a county court, is of no effect whatever. Wynn v. Scott, 7 Leigh 63.
b. Court oe General Jurts-djotion.
General Jurisdiction at Quarterly Terms — Monthly Terms. — The county or corporation courts at quarterly terms, may, in their discretion, receive the probate of deeds, or wills, or decide on controversies concerning mills, etc., or indeed transact any business embraced by the general jurisdiction of such courts; but at a monthly session they cannot take jurisdiction of any case expressly and exclusively assigned to a quarterly term. Wilkinson v. Mayo, 3 H. & M. 565.
5ame as Circuit Courts as to Judicial Powers. — 'With respect to powers vested in the county courts, which are purely judicial in their nature, whether exercised according to the course of common law or by statute, they are courts of general jurisdiction to the same extent as the circuit courts. Chesapeake, etc., R. Co. v. Wash., etc., R. Co., 99 Va. 715; Penny-backer v. Switzer, 75 Va. 671. See Ballard v. Thomas, 19 Gratt. 14; Lancaster v. Wilson, 27 Gratt. 629; Hutcheson v. Priddy, 12 Gratt. 90; Perguson v. Teel, 82 Va. 690; Hill v. Woodward, 78 Va. 765.
Prior to Code of 1873 — Same as Circuit Courts— Exceptions. — Until the enactment of §§ 2, 3, ch. 124, Code 1873, the county court was a court of general and concurrent jurisdiction with the circuit court, except in respect to suits for the sale or partition of the lands of infants, or for the sale of the lands of insane persons, as to which the law gave exclusive jurisdiction to the circuit courts. Litterall v. Jackson, 80 Va. 604.
Constitutional Limitation in West Virginia. — The county courts of both Virginia and West Virginia were formerly courts of general jurisdiction, but by Const, art. 8, § 24, the jurisdiction for the courts of the latter state was restricted to matters of probate, the appointment of guardians and the settlement of their accounts, all matters relating to apprentices, to the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment of roads, ways, bridges, public landings, ferries, and mills, with authority to levy and disburse the county levy, and in all cases of contest to judge of the election, qualification and returns of their own members, and of all county and district affairs, subject to such regulations by appeal or otherwise, as may be prescribed by law. Mayer v. Adams, 27 W. Va. 244.
Proceedings to Assign Dower— Presumptions. — County courts are courts of general jurisdiction, and in a proceeding under § 9, ch. 110, Code 1860, for the assignment of dower, it is to be presumed that it had jurisdiction of the case, and proceeded regularly, in the absence of proof to the contrary. Devaughn v. Devaughn, 19 Gratt. 556.
Laying County Levy. — The county court which lays the county levy is not a special tribunal erected for that purpose, but it is the ordinary county court, and that court is a court of general jurisdiction. Ballard v. Thomas, 19 Gratt. 14.
Code Va. i860 — Minimum Amount $20. — Under Rev. Code 1860, p. 663, authorizing county courts to hear and determine all cases involving more than $20, except certain criminal cases, a county court is *828 a court of general jurisdiction. Shelton v. Jones, 26 Gratt. 891.
Same — Sale of Decedent’s Land — Partitions When Shares Exceed $300. — The county courts had jurisdiction in 1860. to sell real estate of a decedent for the purpose of' paying the debts of the ancestor from whom it descended, and being a court of general jurisdiction for this purpose, every presumption must be made in favour of its proceedings when collaterally attacked. They did not have, however, jurisdiction of suits brought by guardians to sell the real estate of infants, nor of suits brought for the purpose of making partition where the shares of such infants exceed in value the sum of $300. Woodhouse v. Fillbates, 77 Va. 317; Wimbish v. Breeden, 77 Va. 324. See Seamster v. Blackstock, 83 va. 232, 2 S. E. Rep. 36; also, Code 1800, p. 581, § 3.
c. Op Administrations. — See monographic note on “Executors and Administrators” appended to Ros-ser v. Depriest, 5 Gratt. 6.
Limitations — What Gives Jurisdiction.— under 1 Rev. Code, ch. 104, §§ 12, 32, the county courts have jurisdiction to grant administrations within certain limits. The place of the intestate’s residence gives jurisdiction to the local courts. If he had no known place of residence, then the place of his death, or the place where his estate lies, gives jurisdiction. Ex parte Barker, 2 Leigh 719.
Removal of Executor. — The county courts in which an executor has qualified, in the exercise of the power vested in it by statute (Code 1873, ch. 128, § 18), may remove him from office. Reynolds v. Zink, 27 Gratt. 29; Snavely v. Harkrader, 29 Gratt. 108; Lance v. McCoy, 34 W. Va. 420, 12 S. E. Rep. 728.
Investment of Fiduciary Money. — Under § 34, Code 1860, a county court is not authorized to make any order for investing or loaning out the money or fund referred to in that chapter, unless the commissioner who settles the accounts of the fiduciary has previously conformed to the provisions of § 16 of that chapter. And if the county acts without the report, the county court has jurisdiction on the motion of the parties whose money is invested upon notice to the other parties to annul the order, whitehead v. Whitehead, 23 Gratt. 376.
Grant to Sheriff — Application of Distributee — Discretion. — After administration has been granted to a sheriff, on application, of a distributee to be given the administration, the county court may exercise its discretion in the matter. Hutcheson v. Priddy, 12 Gratt. 85.
Same — Same—Notice,—After a county court has granted administration of an estate to the sheriff, it cannot grant it to a distributee, without notice to the sheriff. Hutcheson v. Priddy, 12 Gratt. 85.
Same — Voidable within Three iTonths of Death of Testator. — When a county court commits an estate to the sheriff for administration, before the expiration of three months from the death of the testator, the act is not void but voidable. Hutcheson v. Priddy, 12 Gratt. 85; Gibson v. Beckham, 16 Gratt. 326 ; Ballard v. Thomas, 19 Gratt. 14; Andrews v. Avory, 14 Gratt. 236, and note.
d. Or Injunctions. — See monographic note on “Injunctions” appended to Claytor v. Anthony, 15 Gratt. 518.
Code of 1873 — General Power — Jurisdiction.—By th e Code 1873, ch. 175, §' 6, authority is given to every judge of a county court to award injunctions where the act or proceeding to be enjoined, is apprehended, or is to be done, or is doing, in his county or district. Rosenberger v. Bowen, 84 Va. 660, 5 S. E. Rep. 697.
Cannot Enjoin Superior Court. — A county court in chancery has no jurisdiction to stay proceedings at law on a judgment of a circuit court, by injunction; and if the county court issue such injunction, the circuit court ought to disregard it. Gholson v. Kendall, 4 Leigh 612.
Cannot Enjoin Enforcement of Judgment of Superior Court. — The county court has no power to make an order to restrain the collection of a judgment at law obtained in a superior court. Hite v. Fitz-Ran-dolph, 1 Va. Cas. 269.
e. Or Bridges, Roads and Perries.
Bridges — Statute Must Be Followed. — A bridge can only be established by a county court in the mode prescribed by state. Sampson v. Goochland Justices, 5 Gratt. 241.
Same — Same—Erected by individual for Public. — A bridge, erected by an individual for the public benefit, may he established by the county court as a public bridge, hut only in the mode prescribed by statute. Sampson v. Goochland Justices, 5 Gratt. 241.
Same — Same—Same—Repairs and ¡Taintenance. — The county court is not hound to repair or maintain a bridge erected by an individual, though dedicated by him to the public and so used, unless it has been adopted by the county court in the mode prescribed by statute. Sampson v. Goochland Justices, 5 Gratt. 241.
Roads — Limitation of Power Depends on Degree of Accommodation. — No limitation to the power of the county court to establish a road is to he found in the degree of accommodation which it may afford to the public at large. This is a matter which addresses itself to the discretion of the court. Lewis v. washington, 5 Gratt. 265.
Same — Right of Mill Owner. — The owner of a mill may apply to a county court, as of right, to appoint viewers of a road proposed to he established to his mill. Maddox v. Ewell, 2 Va. Gas. 59.
Same — Execution of Court Order by Surveyor.— County courts having j urisdiction to establish and maintain public roads in their counties, a surveyor is justified in executing an order of the county court requiring him to open a road, though such order he irregularly made. Yeager v. Carpenter, 8 Leigh 454.
Same — May Be Opened by Individual. — The county court having established a proposed road, may authorize a particular individual to open it. Lewis v. Washington, 5 Gratt. 265.
Same — Summary Alteration of Road — Re-estabiishment. — A county court without petition or any of the proceedings required by the statute concerning roads, makes an order summarily on motion for the alteration of a public road. The court having no jurisdiction to make such order may at a subsequent term at the instance of the party injured and on hearing set aside the order and re-establish the old road. Hollins v. Patterson, 6 Leigh 457.
Same — May Be Discontinued before Opened. — A county court haying made an order establishing a public road and directing it to be opened, may entertain and act upon an application to discontinue the road before it has been opened. Senter v. Pugh, 9 Gratt. 260.
Same — Notice to Discontinue — Police Order. — When á county court discontinues a public road, or any part thereof, without giving the public notice required by law, the order is a mere police order, which may he set aside at a future term on the *829 motion of any citizen of the county. Conrad v. County of Lewis, 10 W. Va. 784.
Same — No Discontinuation of Road Turned Over to State — A county court has no right to discontinue any portion of a turnpike which had heen turned over to the county hy the state. Conrad v. County of Lewis. 10 W. Va. 784.
Perries — Statute.—Jurisdiction to establish ferries in Virginia is conferred by statute, §§ 12, 18, ch. 64, Code 1873, on the county court. Wimbish v. Breeden, 77 Va. 324.
Same — Same—When River Is Boundary of State. — The acts of the assembly (2 Rev. Code 1808, ch. 305, and 2 Rev. Code 1819, ch. 238, p. 261) in reference to the establishment of ferries, does not authorize a county court to establish a ferry over the river which is the boundary of a state. Zane v. Zane, 2 Va. Cas. 63.
f. Of Tavern and Liquor Licenses. — See mono-graphic note on “Intoxicating Liquors’’ appended to Thon v. Com., 31 Gratt. 887.
Construction of Statute. — The substitution of the word “may” for “shall” by the act of March 6,1882, amending the act of March 3, 1880, was not designed to leave the application to sell liquor to the arbitrary discretion of the county courts. The words “may grant the license” mean that in a proper case the court rmust grant it. Ex parte Lester, 77 Va. 663; Leigton v. Maury, 76 Va. 865.
Discretionary with Court — Action Final. — A county court has a discretion to grant or refuse a certificate for obtaining a license to retail ardent spirits to a person who has obtained a license to keep an eating house, and its action is final and conclusive on the question. French v. Noel, 22 Gratt. 454.
In Hein v. Smith, 13 W. Va. 358, it was said that in at least two Virginia cases it has been held that the action of the county court in granting or refusing to grant licenses for the retailing of liquors, was final and conclusive. The cases cited were Ex parte Yeager, 11 Gratt. 655, and French v. Noel, 22 Gratt. 454.
Same — Must Act but Action Uncontrolled by Circuit Court. — County courts are invested by § 3. ch. 96, Code 1849, with a discretion as to granting licenses to keep taverns. It is bound to act, and is liable to be coerced to this extent, but in its action it cannot be controlled by the circuit court, Ex parte Yeager, 11 Gratt. 655.
g. Civil Suits in General.
At Quarterly Terms — General Jurisdiction. — The county courts at quarterly terms may in their discretion, receive the probate of deeds or wills or decide on controversies concerning mills, etc., or transact any business embraced in its general jurisdiction, but at a monthly session they cannot take jurisdiction of any case expressly and exclusively assigned to a quarterly term. Wilkinson v. Mayo, 3 H. & M. 565.
Elections — Costs.—In cases of contested elections before the county court, under the Act of 1852. ch.71, the county court has no authority to give a judg meat for costs to either party. West v. Ferguson, 16 Gratt. 270; Gresham v. Ewell, 85 Va. 7. 6 S. E. Rep. 700; Wilkinson v. Hoke, 39 W. Va. 405, 19 S. E. Rep. 520. See generally, monographic note on “Costs” appended to Jones v. Tatum, 19 Gratt. 720.
Same — Removal of Judge of Election. — The county courts have authority to remove a judge of election for malfeasance in office or gross neglect of duty, though he has not been convicted by the verdict of a jury for any offence. McDougal v. Guigon, 27 Gratt. 133; Lewis v. Whittle, 77 Va. 423; Nelms v. Vaughan, 84 Va. 698, 5 S. E. Rep. 704.
Same — Vacation of Election.-Under § 69, Acts 1870, which is an act to provide for general elections, the county courts have authority to vacate an election. Ex parte Ellyson, 20 Gratt. 10.
Attachments — Jurisdiction Only at Quarterly Terms. —It was held in Withers v. Fuller, 30 Gratt. 547, that the county court has no jurisdiction at a monthly term of the court to render judgment in favor of an attaching creditor against his debtor, but such judgment could only be had at the quarterly term of such court. The court being without jurisdiction its judgment is absolutely void. See Claflin v. Steenbock, 18 Gratt. 842; Wynn v. Scott, 7 Leigh 63; Va. Code 1873, ch. 154, §§ 3, 12; monographic note on “Attachments” appended to Lancaster v. Wilson, 27 Gratt. 624.
Same — Abatement at Honthly Term. -Where an attachment has been sued out under § 2, ch. 151, Code 1860, in a suit pending in a county court, though the defendant has given a forthcoming bond, the court has jurisdiction at a monthly term to abate the attachment. Claflin v. Steenbock. 18 Gratt. 842. See Withers v. Fuller. 30 Gratt. 552.
To Try Validity of Will — Although a will has been admitted to record in a district court, a county court in chancery has jurisdiction to try its validity» and may direct an issue to be tried on the common-law side of the same court. Ford v. Gardner, 1 H. & M. 72. See monographic note on “Wills.”
In Condemnation Proceedings by Railroad. — it was held in Chesapeake, etc., R. Co. v. Hoard, 16 W. Va. 270, that the provisions in ch. 88, Acts 1872 3, in reference to the condemnation of land by railroad companies was not repealed nor abrogated by ch. 114, Acts 1875. and ch. 8, Acts 1879. amending the same, and that therefore the circuit court has no jurisdiction m a case where a railroad company seeks to condemn lands, the jurisdiction in such cases being confined to the county court, as decided in Railroad Co. v. Patton. 9 W. Va. 648.
To Determine Qualification to Hold Office —A county court has jurisdiction to try on notice the qualification of a person to hold an office, which notice was given in the month of October and returned to a day of the October term of the court. § 32, ch. 118, Acts 1872-73, not requiring that it should be returnable to a day during the November term or the next succeeding term ; this section only directing when the case was to be tried, and not when it should be docketed. Dryden v. Swinburn, 15 W. Va. 234.
Motion on Sheriffs’ Bonds. — it was held in Carr v. Meade, 77 Va. 142, that § 5, ch. 173, Code 1873, providing remedy by motion on the bonds of sheriffs, etc., was not repealed by § 9, ch. 395, Acts 1872 and 1873, and that motions were properly cognizable in the county court in such cases, in 1879.
h.Criminal Cases in General.
Exclusive Original Jurisdiction. — Section 4016 of the Code was amended by Acts 1893-94, p. 270, and the provision, under which indictments for felonies punishable by death, which had theretofore been removed upon motion of the prisoner to the circuit court, was omitted, and the county courts were clothed, except where otherwise provided, with exclusive original jurisdiction for the trial of all presentments, indictments, and informations for offences committed in their respective counties. Gilligan v. Com., 99 Va. 816, 37 S. E. Rep. 962, 7 Va. Law Reg. 178.
No Jurisdiction of Felonies in i860. — An indictment *830 for petit larceny which charges that the person indicted had been previously convicted of another petit larceny, is an indictment for a felony, and a county court has no jurisdiction to try the prisoner. Rider v. Com., 16 Gratt. 499.
Recognizance to Keep the Peace. — A county court has authority to require a party to enter into a recognizance to keep the peace; certainly where the proceeding was commenced before the Acts 1847-48, ch. 14. welling’s Case, 6 Gratt. 670.
Felonies by Free Negroes and Ilulattoes — Exceptions— Statute of 1831-32. — Under the construction of the statute of 1831-33, ch. 22, § 11, free negroes and mulattoes are to be tried by the county courts of oyer and terminer, in the same manner in which slaves are tried, in all cases of felony, except homicide and such crimes as were punishable .with death before the statute. Com. v. Weldon, 4 Leigh 652.
Vil. CORPORATION, HUSTINGS AND MUNICIPAL COURTS.
1. IN GENERAL.
Acts of Clerk in Presence of Court — Effect.—The acts of the clerk of a corporation court done in the presence of the court and under its supervision, must be taken to be done by direction of the court, and it is the act of the court. Mesmer v. Com., 26 Gratt. 976.
Judge Is State Officer — City Has No Authority. — The judge of the hustings court of Richmond is a judge of the state, and the city has no authority to control his actions. Belvin v. City of Richmond, 85 Va. 574, 8 S. E. Rep. 378.
When Jury Summoned from Outside of Limits. — A corporation court has authority to direct jurors to be summoned from without the limits of the corporation for the trial of a prisoner indicted in that court, when an impartial jury cannot be obtained within the corporation. Craft v. Com., 24 Gratt. 602.
Declaration Must Lay Cause of Action in Jurisdiction. — where a suit is brought in a corporation court, the declaration must lay the cause of action to have arisen within the jurisdiction of the court. Thornton v. Smith, 1 Wash. 81.
Jurisdiction of Municipal Court of Huntington. — The municipal court of Huntington created by the act of March 4, 1879, is a court of limited jurisdiction. Rutter v. Sullivan, 25 W. Va. 427.
2. DURATION OF TERM.
Code 1873 — Continuation of Term. — Under §§ 26, 36, ch. 154, Code 1873, corporation courts have authority to continue a term from day to day into the next succeeding month, and consequently change the day for the beginning of the succeeding term. Cluverius v. Com., 81 Va. 787.
Acts 1869-70 — Duration Unrestrained. — Under Acts 1869-70, p. 35, the organization and jurisdiction of the corporation courts of the state was completely changed, and with it was abolished the limitation of the term to twenty days. The new court being unrestrained as to the duration of its terms, each of its terms must be held to be only terminated by the commencement of the next succeeding monthly term’, unless sooner closed by the order of the presiding judge. Moses v. Cromwell, 78 Va. 671.
Same — Constitutional Provisions. — Section 14, art. 6, of the Constitution, which directs a corporation court to be held as often and as many days in each month as may be prescribed, does not require that the whole term shall be held in the same month. Hence under acts 1869-70, p. 44, the term of the corporation court of Richmond which begins on the first Monday may continue until the first Monday in the succeeding month. Chahoon v. Com., 21 Gratt. 822 ; Sands v. Com., 21 Gratt. 871.
3.JURISDICTION.
a. Constitutional Provisions.
Co-ordinate with Circuit Courts. — By virtue of $ 14, art. 6, of the Constitution of Virginia, corporation and hustings courts are vested with similar jurisdiction to the circuit courts, and are of co-ordinate dignity with them ; and any act of the legislature so far as it undertakes to confer appellate power on a circuit court to review an action of a corporation or hustings court is unconstitutional and void. Watson v. Blackstone, 98 Va. 618, 38 S. E. Rep. 939.
Jurisdiction Enlarged — Felony Cases. — Section 14, art. 6, of the Constitution of Virginia, which provides that corporation courts shall have similar jurisdiction which may be given by law to the circuit courts of the state, was not intended to restrict, but to enlarge, the jurisdiction of these courts, and to elevate them to the grade and dignity of circuit courts. And it was competent, therefore, for the legislature to give to the corporation courts jurisdiction to try cases of felony, though the jurisdiction in such cases was taken away from the circuit courts. Chahoon v. Com., 21 Gratt. 822, and note.
b. Civil Suits in General.
Removal of Judge of Election. — The corporation courts have authority to remove a judge of election for malfeasance in office or gross neglect of duty, though he has not been convicted by the verdict of a jury for any offence. McDougal v. Guigon, 27 Gratt. 133 ; Lewis v. Whittle, 77 Va. 423 ; Nelms v. Vaughan, 84 Va. 698, 5 S. E. Rep. 704.
Probate of Wills — Controversy Concerning mils, etc. —The corporation courts at a quarterly term may in their discretion, receive the probate of deeds or wills or decide controversies concerning mills, etc., but at a monthly session, they cannot take jurisdiction of any case expressly and exclusively assigned to a quarterly term. Wilkinson v. Mayo, 3 H. & M. 565.
Vacating an Election. — Under § 69, Acts 1870, p. 97, which provides for the general election, the corporation courts have jurisdiction to vacate an election. Ex parte Ellyson, 20 Gratt. 10.
Attachment — Abatement,—Where an attachment hás been sued out under § 2, ch.' 151, Code 1860, in a suit pending in a corporation court, though the defendant has given a forthcoming bond, the court has j urisdiction at a monthly term to abate the attach ment. Claflin v. Steenbock, 18 Gratt. 842. See Withers v. Fuller, 30 Gratt. 552.
Hustings Court of Richmond — When Judge Can Act for Chancery Court. — By the Act of 1869-70, p. 427, the judge of the hustings court of the city of Richmond is authorized in certain cases to perform the duties of the judge of the chancery court. Where cause pending in the chancery court was by consent submitted to its judge in vacation, and a decree was entered by the judge of the hustings court acting for the j udge of the chancery court, it was held that under § 53, ch. 167, Code 1873, the decree was valid. Morriss v. Va. Ins. Co., 85 Va. 588, 8 S. E. Rep. 383.
Hunicipal Court of Wheeling — Recovery of Taxes.— Section 12, ch. 51, Acts 1865, establishing the municipal court of Wheeling, grants that court jurisdiction of cases, in which the city seeks to recover taxes due it. City of Wheeling v. Hawley, 18 W. Va. 472.
c. Criminal Cases in general.
Similar Jurisdiction to Circuit and County Courts.— Under the Act of, April 2, 1870, ch. 38, §§ 6, 7, Sess. *831 Acts 1869-70, corporation courts in cities and towns having a population of more than five thousand have the same j urisdiction to try offences committed within their respective limits as circuit and county courts had ; and the act of April 2, 1873, to regulate and define the jurisdiction of the county and circuit courts does not apply to or affect the jurisdiction of said corporation courts. Tremaine v. Com., 25 Gratt. 987.
No Jurisdiction of Felonies in i860. — An indictment for petit larceny which charges that the person indicted had heen previously indicted, tried and sentenced for another petit larceny, is an indictment for felony, and a corporation court has no jurisdic-to try the case. Rider v. Com., 16 Gratt. 499.
Indictment-Prisoner in Custody-Examination before Justice. — A prisoner in custody is indicted in the hustings court, fie is not entitled to he sent before a justice for examination, hut the court may proceed to try him upon the indictment. Shelly v. Com., 19 Gratt. 653.
Same — Felony—Removal from County Court. — An indictment for a felony was found against the prisoner in the county court of Alexandria, and it was removed to the corporation court of Alexandria. The corporation coart had no jurisdiction to try it. See § 4, ch. 38, Acts 1868-70; Marshall v. Com., 20 Gratt. 845.
Proceedings against Master for Allowing Slave to Hire Himself Out. — By the provisions of 1 Rev Code, ch. Ill, § 81, the court of hustings has jurisdiction to proceed against the master who permits a slave to go at large and hire himself out contrary to the provisions of the above act. Abrahams v. Com., 1 Rob. 675.
Hustings Court of Richmond — Extent of Jurisdiction. —The criminal jurisdiction of the hustings court of the city of Richmond, conferred by the acts of 1803 and 1842, extends one mile beyond the city limits. Jordan v. Com., 25 Gratt. 943.
Ssme — Jurisdiction of Felony Cases. — Ln Chahoon’s Case, 21 Gratt. 825, the point was made by counsel, that under the constitution in force at that time the hustings court of Richmond could not be given juisdiction to try cases of felony. The court said since the case of Boswell v. Com., 20 Gratt. 860, Bird’s Case, 21 Gratt. 800, and Smith’s Case, 21 Gratt 809, all proceed upon the tacit admission of the existing jurisdiction of the corporation courts to try such cases, the court was oí opinion that the hustings court of the city of Richmond had jurisdiction over the case. Boswell v. Coin., 20 Gratt. 860.
Same-Forgery — Civil Proceedings in County of Hen-rico. — Though a suit at law was brought in the county court of Henrico upon a forged note and judgment recovered, and a suit in equity to enforce this judgment was brought in the circuit court of Henrico, yet as both these courts were held in the limits of the city of Richmond where the prisoner lived, the hustings court of the city had jurisdiction to try him for the offence. Chahoon v. Com., 20 Gratt. 733; Sands v. Com., 20 Gratt. 800.
Municipal Court of Wheeling — Violation of Revenue Laws — Constitutional Law. — An act relative to the municipal court of Wheeling was unconstitutional where it attempted to confer sole jurisdiction on that court of cases involving a violation of the revenue laws by selling spirituous liquors on the Sabbath. It did not take away the jurisdiction of the circuit court in such cases, and is in violation of § 6, art. 6, of the Constitution, which provides that the circuit court shall have original jurisdiction of all crimes and misdemeanors. Eckhart v. State, 5 W. Va. 515.
Hustings Court of Roanoke — No Jurisdiction Prior to Incorporation. — Prior to the incorporation of Roanoke, act January 31,1884, and to the creation of the hustings court of that city, act Feb. 25, 1884, the county court of Roanoke county had jurisdiction of all cases committed in what afterwards became the city limits. The hustings court had no jurisdiction of a murder committed there January 27, 1884. Ryan v. Com., 80 Va. 385.
VIH. CIRCUIT COURTS.
1. JURISDICTION IN GENERAL.
Court of General Jurisdiction. — The circuit court is the court of geueral jurisdiction, taking cognizance of all actions at law between individuals, with authority to pronounce judgments and to issne executions for their enforcement. Where its jurisdiction is questioned it must decide the question itself. Cox v. Thomas, 9 Gratt. 323.
In Vacation. — The circuit court can make in vacation only such decrees or judgments as are authorized by statute. Tyson v. Glaize, 23 Gratt. 799.
After Final Decree. — Section 3451, Code 1887, providing that the circuit court may reverse a judgment or decree for certain mistakes and errors for which an appellate court might reverse it, does not authorize it, after entering a final judgment remanding a cause to the county court, at a subsequent term to assume jurisdiction and to dispose of the case upon its merits. Thompson v. Carpenter, 88 Va. 702, 14 S. E. Rep. 181.
Judgment Rendered on Day General Court Held. — A judgment is rendered in the superior court of Chesterfield on the 15th of November, the day on which the general court is directed by law to be held at the capitol; the distance is judicially known to be not more than three hours moderate ride from one place to the other. It does not appear on the record but that the judgment might have been rendered in time to enable the judge to close that court, and attend at the capitol to his duties as one of the general court, on the same day. The superior court had jurisdiction to render the judgment on that day. Mendum v. Com., 6 Rand. 704.
2. JURISDICTIONAL AMOUNT.
Former Rule — Usury,—it was formerly the rule that a superior court of chancery had jurisdiction only where the subject in controversy exceeded $150. But when a bill was brought for relief against usury, it had jurisdiction, although the usury was for less than that sum, as it and the principal exceeded it. Stone v. Ware, 6 Munf. 541. For the jurisdictional amount in the circuit courts, see § 3058, Va. Code 1887, and § 2. ch. 112, W. Va. Code 1899.
Reduction by Set-Off — By Payment. — Thus it was held that the superior court had no jurisdiction of cases where the demand was less than $100, but the reduction by a set-off did not affect its jurisdiction. The rule was otherwise when it was reduced by payment. Larowe v. Binns, 2 Va. Cas. 203: Ferguson v. Highley, 2 Va. Cas. 255.
Damages Uncertain — Verdict.—Where the damages for breach of contract were uncertain, and therefore unknown until ascertained by verdict, the superior court had jurisdiction although the verdict is for less than $100. Newsum v. Pendred, 2 Va. Cas. 93.
Penalty of Sufficient Amount. — The defendant, in an action upon a penal bill for $100, conditioned to pay $47.77. moved for a stay in the proceedings, *832 because the penalty was inserted for the purpose of giving- the court jurisdiction not passed by law. It was held that the court had jurisdiction. Heath v. Blaker, 2 Va. Cas. 215. See Newell v. Wood, 1 Munf. 555, which holds that the penalty decides the jurisdiction.
3. PLACE.
Functions Exercised Only at Places Fixed by Law.— It is a fundamental principle that courts of general and original jurisdiction may exercise their functions only at such times and places as are fixed by law, and that the judge in vacation can enter no orders except such as are expressly authorized by statute, and he is restricted by its very terms. Chase v. Miller, 88 Va. 791, 14 S. E. Rep. 545.
Judge May Sue in His Circuit. — Section 3214 of the Code, re-enacted and amended by chaps. 329, 736, Acts 1899-00, provides that if a judge of a circuit court be interested in a case, it “may” be brought in an adjoining circuit. It was held in Harrison v. Wissler, 98 Va. 597, 36 S. E. Rep. 982, that the word “may” was permissive, and that it does not preclude a judge from suing in his own circuit.
Removal of Court. — Where a courthouse is undergoing repairs and is not in a fit condition to be occupied, the circuit court may remove to another place, and continue its sessions there. Caperton v. Bowyer, 4 W. Va. 176.
Of Henrico at State Courthouse. — The act of 1852 which provided that the circuit court of Henrico county should be held at the state courthouse in Richmond, does not violate art. 6, § 6, Const., providing that the circuit court shall be held by the judge of each circuit at least twice a year, the constitution being silent as to the place of holding such court. Com. v. Scott, 10 Gratt. 749.
The Granting of Administrations. — Under 1 Rev. Code, ch. 104, §§ 12, 32, the circuit courts have jurisdiction to grant administrations within certain limits. The place of the intestate’s residence gives jurisdiction to the local courts. If he has no known place of residence, then the place of his death, or the place where his estate lies, gives jurisdiction. Ex parte Barker, 2 Leigh 719.
4. WHEN STATE OR STATE OFFICIAL PARTY.
Administration — Claim against State. — A resident of Kentucky dies intestate there, having no estate in Virginia but a claim on this commonwealth for money. It was held that the circuit court of Henrico county, wherein is the seat of government, has jurisdiction to grant administration of such decedent’s estate. Com. v. Hudgin, 2 Leigh 248.
Circuit Court of Richmond — State Treasurer Party — Exclusive Jurisdiction — Code 1873, ch. 44, §§ 7, 8, conferring exclusive original jurisdiction on the circuit court of Richmond in cases where the state treasurer is a party, is mandatory, and ousts all jurisdiction in such cases from every other court. Taylor v. Williams, 78 Va. 422.
Same — Exclusive Equitable Jurisdiction. — By Acts of Assembly 1869-70, p. 42-3, the circuit court of the city of Richmond has no equitable jurisdiction except in certain specified cases, in which the state is interested, or some of the officers and boards, representing the state, are necessary and proper parties, and in such cases its jurisdiction is exclusive. Ragland v. Broadnax, 29 Gratt. 401.
Same — Suit by Commonwealth. — Under §1, ch. 165, Code 1873, the circuit court of the city of Richmond alone has jurisdiction of any suit to enjoin or affect any judgment or decree in behalf of the commonwealth, and no such suit can be maintained in any other court of the state. Com. v. Latham, 85 Va. 632, 8 S. E. Rep. 488.
Same — Commissioner of Agriculture, — By § 4, ch. 155* Code 1873, the circuit court of the city of Richmond has ño chancery jurisdiction, except in suits in which it may be necessary or proper to make certain enumerated officers or public corporations parties defendant. The commissioner of agriculture is not within the exception. Blanton v. Southern, etc., Co., 77 Va. 335; Ragland v. Broadnax, 29 Gratt. 401.
5. JURISDICTION IN CIVIL SUITS GENERALLY.
To Grant License for Retail of Ardent Spirits.— The statute, Acts 1879-80, p. 148, in regard to license for retail of ardent spirits, provides that the county court "shall grant the license” if the one applying therefor shall bring himself within its requirements, and that the circuit court “may grant the license.” The latter words mean that the circuit court shall have jurisdiction to grant the license, and must grant it if the applicant conforms to its requirements. Leigton v. Maury, 76 Va. 865.
Condemnation Proceedings — Removal — Report of Commissioners. — Where commissioners are appointed under § 1, ch. 174, Code 1860, for the purpose of ascertaining compensation to landowners for land proposed to be taken by a railroad company* which cause has been removed to the circuit court* if it is set aside by the court, it should not send the case back to the county court; but should take jurisdiction of the case, and proceed in it with the same powers that are vested in the county court by the statute. Virginia, etc., R. Co. v. Campbell, 22 Gratt. 437.
Same — West Virginia Practice. — It was held in Chesapeake, etc., R. Co. v. Hoard, 16 W. Va. 270, that the provisions in ch. 88, Acts 1872-3, in reference to the manner in which lands shall be condemned by railroad companies, is not repealed nor abrogated, by ch. 114, Acts 1875, and the amendatory Act of 1879, ch. 8, and that therefore the circuit court has no-jurisdiction in a case where a railroad company seeks to condemn land; but that jurisdiction in such cases is confined to the county court, as was-decided in Railroad Co. v. Patton, 9 W. Va. 648. See generally, 'on this subject, monographic note on “Eminent Domain” appended to James River, etc., Co. v. Thompson, 3 Gratt. 270.
To Sell Real Estate Devised. — Under § 20, ch. 112* Code 1873, the circuit courts have jurisdiction to-sell real estate devised by a testator to his two children for life, with remainder to their issue, if any be living at the time of their deaths; and if either should die without issue living, then to go to the issue of the other. Troth v. Robertson, 78 Va. 46.
To Rehear Remanded Cause. — When the court of appeals, in pursuance of § 5, ch. 171, Act 1869-70, sends-a cause to a circuit court, which had been pending in a district court of appeals, that act was constitutional, and the circuit court has jurisdiction to rehear and decide the case. Cowan v, Doddridge, 22 Gratt. 458 ; Kent v. Dickinson, 25 Gratt. 817 ; Cowan v. Fulton, 23 Gratt. 579.
To Compel Supervisors by Mandamus to Permit Treasurer to Qualify. — Section 4, art. 7, of the Const., provides that board of supervisors shall be the judges of the election, qualifications, and returns of their own members, and of all county and township officers. Under this provision the circuit court of a county has no jurisdiction to compel the board of supervisors by mandamus to permit a person to- *833 qualify and give "bond as treasurer of that county. This function involves discretion and is not a ministerial act. Board of Supervisors v. Minturn, 4 W. Va 300.
Mandamus, Prohibition and Certiorari — Restraint.— Section 12, art. 8, W. Va. Const. 1872, giving- to circuit courts the jurisdiction over all inferior tribunals, by mandamus. 'prohibition and certiorari, is restrained and limited by § 29 of the same article, which provides that in certain cases the county courts shall have jurisdiction of all appeals from justices, and their decision shall be iinal. Poe v. Machine Works, 21 W. Va. 517.
Quo Warranto. — Held in Bland and Giles County Judge Case, 83 Gratt. 113, that the writ of quo war-ranto was not abolished in Virginia, and that the circuit courts had jurisdiction of the same.
Recovery of Money by Motion — Section 3211. Va. Code, authorizes a remedy by motion in the circuit court in those cases in which the plaintiff is entitled to recover money by action on contract, and where the proceeding is founded upon a tort, it has no jurisdiction of the case. West. Union Tel. Co. v. Bright, 90 Va. 778, 20 S. E. Rep. 146 ; West. Union Tel. Co. v. Petty john, 88 Va. 296, 13 S. E. Rep. 431. See material changes in procedure to recover money by motion, in the amendment of § 3211, by Acts 1895-96, p. 140.
Injunctions — Proceedings Out of Circuit. — Section 41 of the circuit superior court law, Supp. Rev. Code, ch. 109, giving jurisdiction to each of the judges of that court to award injunctions to judgments rendered or proceedings apprehended out of his own circuit, but directing that the order shall be directed to the clerk of the county in which the judgment is rendered or the apprehended proceeding is to be had, gives the judge jurisdiction only to award the injunction, not to hear and determine the cause, Randolph v. Tucker, 10 Leigh 655.
Same — Entry on Land. — By § 3436, of the Code, the jurisdiction of a suit for injunction is in the circuit court of the county in which the act or proceeding is to be done, or is done or apprehended. Thus where an entry on land is sought to be restrained by injunction, it cannot be maintained in a county other than that in which the land is situated. Norfolk, etc., R. Co. v. Postal Tel. Cable Co., 88 Va. 932, 14 S. E. Rep. 689 ; Norfolk, etc., R. Co. v. Postal Tel. Cable Co., 88 Va. 936. 14 S. E. Rep. 690.
Over Church Trustees.--While the circuit courts have general powers as courts of law and chancery, their jurisdiction in a summary proceeding under § 9, ch. 76. Code 1873. is special, and limited to the appointment and removal of church trustees, but it does not extend to the regulation of their conduct in administration of the trust under the instrument creating it. Wade v. Hancock, 76 Va, 620.
Lunatics — Mandamus against Superintendent of Asylum. — The circuit court of the county in which a lunatic resides has jurisdiction of mandamus proceedings brought to prevent the superintendent of the asylum, in which she had been confined, from retaking the lunatic, and where that is the place in which it is apprehended that the act will be done. Statham v. Blackford, 89 Va. 771, 17 S. E. Rep. 233.
Same — Concurrent Jurisdiction to Appoint Committees — Question of Insanity. — By §§ 1097,1698,1700, of the Va. Code 1887, circuit courts are given concurrent jurisdiction with county and corporation courts to appoint committees for lunatics, after they have been adjudged insane by three justices, or by the county or corporation court of the county or corporation of which they are inhabitants. The circuit courts are nowhere given the power to try the question of insanity, and the power to appoint a committee does not include such power. Harrison v. Garnett, 86 Va. 763, 11 S. E. Rep. 123.
Bastardy Cases — Maintenance of Child. — When the act of December 9, 1873. entitled “An act to amend and re-enact chap. 80 of the Code, concerning the maintenance of illegitimate children,” went into operation, it did not oust the jurisdiction of the circuit courts to hear and determine cases of bastardy, where recognizance had theretofore been given, requiring the defendant to appear at the next term of the circuit court and answer the charge. After the passage of this act proceedings in the circuit court should conform as far as practicable to its requirements. Tennant v. Brookover, 12 W. Va. 337.
6. JURISDICTION IN CRIMINAD CASKS GENERALLY.
Jurisdiction by Election of Prisoner- No Power to Remand. — Where a circuit court acquired jurisdiction by the election of the prisoner to be tried there, it has no power to remand the case to the county court for any purpose not even on the motion of the prisoner himself, and an order to that effect is a nullity. Nicholas v. Com., 91 Va. 741, 21 S. E. Rep. 364.
Same — Same—Exclusive Jurisdiction — Not an Appellate Tribunal. — Where one arraigned for murder in a county court elects under § 4016, of the Va. Code, to be tried in the circuit court, the latter has exclusive jurisdiction to try the case, and cannot sit as an appellate tribunal to consider supposed errors of the county court, where the record is not transmitted to it: and an order by it remanding the cause to the county court for trial is erroneous, and confers no jurisdiction on the latter. Howell v. Com., 86 Va. 817, 11 S. E. Rep. 238.
Same — Same—Jurisdiction of Horse Stealing. — It was held in Price v. Com., 21 Gratt. 846, where a person was indicted for receiving a stolen horse and also for the larceny of the horse, and had elected to be tried in the circuit court, he could not on trial there move the court to send him back to the county court for trial, on the ground that the circuit court had no jurisdiction to try him. The act of February 16. 1866, making horse stealing punishable with death or confinement in the penitentiary at the jury's discretion, had not been repealed and the circuit court had jurisdiction of the case.
Same-Record Must Be Certified. — When on his arraignment the prisoner demanded to be tried in the circuit court and the record of the indictment and proceedings in a county court were not certified to the circuit court, as required by § 4016 of the Code, that court is without jurisdiction to try the prisoner. Mitchell v. Com., 89 Va. 826, 17 S. E. Rep. 480.
Same — Cannot Elect in Corporation Court. — A prisoner indicted in a corporation court for murder, is not entitled to elect to be tried in the circuit court. See Acts 1860-70, p. 35 ; Boswell v. Com., 20 Gratt. 860, and note.
Circuit Court of Richmond — Jurisdiction of Convicts.
—In Ruffin v. Com., 21 Gratt. 790, a penitentiary convict was hired to work on a railroad, and in Bath county, in attempting to escape, he killed his guard. It was held that he may be tried for the offence before the circuit court of the city of Richmond, and by a jury summoned from that city.
Disturbance of Religious Worship, — The circuit superior courts have jurisdiction to try offences against *834 the statute, 1 Rev. Code, ch. 141, forbidding' the disturbance of congregations assembled for the purpose of religious worship. Com. v. Jennings, 3 Gratt. 624.
Entitled to Examination before a Justice-Acts 1867. —A prisoner is indicted for felony in the circuit court, being in custody at the time. The circuit court has no jurisdiction to try him on this indictment, but he must be sent before a j ustice for examination and commitment for trial in the county court, under the act of the assembly of April 27,1867. Wright v. Com., 19 Gratt. 626.
On the 24th of June, 1867, the prisoner was committed by a justice of the peace for examination upon the charge of murder. The examining court which commenced on the 2d of July, sent him on for trial before the circuit court. At the October term of the latter court he was indicted for murder, and when arraigned tendered a plea to the jurisdiction of the court. It was held that the court had jurisdiction to try him, as the act passed April 27, 1867 (Acts 1866-67, p. 915), to revise and amend the criminal procedure, provided that it should go into operation "on the 1st of July, 1867, and it repealed the law in relation to examining courts. Still a prisoner committed on charge of murder prior to that time must be committed for examination, and it was proper to proceed under the former law in the examination of the prisoner befox-e an examining court, and his trial before the circuit court. Philips v. Com., 19 Gratt. 485. See Chahoon’s Case, 20 Gratt. 785.
Homicide by Pree Negroes and Mulaltoes. — Under the construction of § 11, ch. 22, Acts 1831-32, free negroes and mulattoes are still to be tried by jury in the circuit superior courts for homicide and such crimes as were punishable with death before the statute. Com. v. Weldon, 4 Leigh 652.
Transfer to Another Court — Time of Trial. — When the circuit court of Warwick sends an indictment to the circuit court of York to be tried at its June term, 1831, the circuit court of York can try it at any term, and the circuit court of Warwick had no power to direct it be tried at any particular time. Brooks v. Com., 4 Leigh 669.
IX. COURT OP APPEALS.
1. IN GENERAL.
First Court Was Legislative Organization.— The first court of appeals was a legislative court only, and it wasnot necessary thatthe judges should produce any commissions, or that the executive be present when they qualified ; for the act constituting the court had not directed commissions to be issued, or the oaths to be taken in the presence of the executive; and the judges by construction of law knew each other to be judges of the courts to which they respectively belonged. First Case of the Judges, 4 Caií 1.
Effect of Mandate of Supreme Court of United States. —The court of appeals will consider whether a mandate issued by the United States supreme court, directing it to enter a judgment, reversing one which it had pronounced before, be authorized by the constitution or not, and being of opinion that such mandate is not so authorized, will disobey it. Hunter v. Martin, 4 Munf. 1. See Hunter v. Martin (U. S.), 1 Wheat. 304, and Cohens v. Virginia (U. S.), 6 Wheat. 264, where the United States supreme court overruled the above case.
Cannot Review Decisions of Preceding Court. — The enabling act of March 5, 1870, which authorized the court of appeals under the new constitution to rehear such judgments and decrees as were rendered after the restoration of the state to the Union, is unconstitutional, being an invasion of judicial authority. The legislature has no power to authorize a court to review the decisions of the court that preceded it. Griffin v. Cunningham, 20 Gratt 31; Teel v. Yancey, 23 Gratt. 691.
Decree of Pretended Court in 1861 Invalid. — Where a case was pending under the lawful court of appeals of Virginia, on Api*il 17,1861, a decree rendered by the pretended court on November 17, 1861, acting under authority of citizens then in insurrection against the- United States, is not binding on the parties. Snider v. Snider, 3 W. Va. 200.
Decree Entered under Color of Authority Valid —The judgments and decrees of the judges of the court of appeals, who were in office under military appointment, and -who held over and continued to exercise the duties of their office after the state was restored to the Union, are valid and binding because they acted under color of authority. Griffin v. Cunningham, 20 Gratt. 31.
2. TRANSFER OF CAUSES.
From One Place of Session to Another — Consent.—The supreme court of appeals has the right to transfer a case from one place of session to another by § 3093, of the Va. Code 1887, which provides that by consent of parties, or for reasons appearing to the court, any case pending in said court may be transferred to another place of session. Lillienfeld v. Com., 92 Va. 818, 23 S. E. Rep. 882. See Gilbert v. Washington, etc., R. Co., 33 Gratt. 586.
Prom District Court to Circuit — Constitutional,—Acts 1869-70, p. 227, in relation to the transfer by the court of appeals of cases pending in the district court of appeals to the circuit court, to be heard there as by an appellate court, are constitutional. Cowan v. Fulton, 23 Gratt. 579.
3. SPECIAL COURT.
Act Establishing Constitutional. — The act of March 31,1848, establishing a special court of appeals, constituted of judges of tfie circuit courts, is constitutional. Sharpe v. Robertson, 5 Gratt. 518.
Same — Decision Binding.~The act of February 28, 1872, to provide a special court of appeals, which creates one consisting of three judges of the circuit courts, is constitutional, and the decisions of the courts are valid and binding on the parties in the cause. Bolling v. Lersner, 26 Gratt. 36.
Is Not a Supreme Court. — The special court of appeals is not a supreme court of appeals, but belongs to the class of superior courts provided for in the constitution of Virginia. Sharpe v. Robertson, 5 Gratt. 518.
Proper Cases to Be Decided. — The proper cases to be decided by the special court of appeals are all cases on the docket of the court of appeals, not involving a constitutional question, and not decided in the lower court by one of the judges of the special court. It is the duty of the judges of the court of appeals to select the cases to- be tried by the special court. Bolling v. Lersner, 26 Gratt. 36.
To Decide Election Contests — Limited Jurisdiction.— The court created by § 13, ch. 6, W. Va. Code 1868, to determine the election of certain state officers therein named has no common-law jurisdiction, and therefore cannot permit amendments of notices and specifications after the time has passed within which the parties may correct omissions and supply defects. Loomis v. Jackson, 6 W. Va. 613.
*835 4. JURISDICTION.
a. In General.
Errors in Lower Court Not Corrected by Original Suit —Fraud.—The supreme court of chancery cannot correct errors in a decree of an inferior court by an original suit, although in that way it may impeach such a decree for fraud, and under peculiar ‘Circumstances would lend its aid to carry a decree of an interior court into effect. Banks v. Anderson, 2 H. & M 20.
Judges May Award injunctions. — The judges of a court of appeals, or any one of them out of court, have power to award injunctions, which have been refused by the judge of anv superior court of chancery, but this power is not possessed by the court of appeals. Mayo v. Haines. 2 Munf. 423.
Interlocutory Decree — When Set Aside. — An interlocutory decree, which is entered at one term of the court of appeals, may be set aside at a subsequent term. Com. v. Beaumarchais, 3 Call 122.
b. Criminal Jurisdiction. — in Bedinger v. Com. (1803), 3 Call 461, it was held that the court of appeals had no jurisdiction in criminal cases, and therefore no appeal would lie to it from a judgment of the ■district court.
The general court continued to be the supreme criminal court until its abolishment by the constitution of 1851, when its appellate jurisdiction was given to the supreme court of appeals, which had no jurisdiction prior to that time. Va. Code 1887, § 4052. as amended by Acts 1897-98, p. 622. But the court of appeals had jurisdiction in criminal cases adjourned from general court. See Com. v. Caton (1782), 4 Call 5.
c. Original Jurisdiction.
(1) In General.
Criminal Orders for Unappropriated Land —A court ■of appeals had exclusive jurisdiction of cases concerning the orders of council, before the revolution, in favor of companies for tracts of unappropriated land, under the act of 1779. Hamilton v. Maze, 4 Call 196.
Application to Open Decree against Infant. — Section 7, ch. 132, W. Va. Code, authorizing one, against whom a judgment was rendered while an infant, to apply for an opening thereof within six months after attaining his majority, does not give the supreme court of appeals original jurisdiction of such application. Ewing v. Winters, 89 W. Va. 489, 20 S. E. Rep. 572.
Former Rule — No Original Jurisdiction. — In Mayo v. Clarke, 2 Call 389, it was held that the court of appeals had no original jurisdiction, and could not decide the merits of any case, until they had been passed upon by the district court.
(2) Mandamus, Prohibition and Habeas Corpus.
Constitutional Provisions. — By § 2, art. 6, Va. Const., and § 8. art. 6, W. Va. Const., original jurisdiction is •conferred upon the court of appeals in cases of habeas corpus, mandamus and prohibition. Taylor v. Williams, 78 Va. 422 ; Com. v. Latham, 85 Va. 632, 8 S. E. Rep. 488; Douglass v. Loomis, 5 W. Va. 542; Fleming v. Commissioners, 31 W. Va. 608, 8 S. E. Rep. 267.
Same — West Virginia Rule. — By a rule adopted in West Virginia by its court of appeals, it will not take such original jurisdiction unless special reasons appear therefor; when such reasons appear it wir unhesitatingly exercise its jurisdiction. Fleming v. Commissioners, 31 W. Va. 608. 8 S. F. Rep. 267.
Same — Virginia Decisions. — In Virginia it is firmly established that the Constitution, § 2, art. 6, does not proprio Moore confer jurisdiction upon the court of appeals, but it was intended to give the legislature power to do so. In other words, it provides that the court shall have appellate jurisdiction only, except in the cases enumerated, but it does not provide that it shall have original jurisdiction in every case where habeas corpus, mandamus, or prohibition is the appropriate remedy ; but leaves the j urisdiction in those cases to be regulated by law. Gresham v. Ewell. 84 Va. 784, 6 S. E. Rep. 134 ; Barnett v. Meredith, 10 Gratt. 650 ; Prison Assoc. v. Ashby. 93 Va. 667, 25 S. E. Rep. 893 ; Cook v. Daugherty, 99 Va. 590, 39 S. F. Rep. 223 ; Page v. Clopton, 30 Gratt. 417 ; Price v. Smith, 93 Va. 14, 24 S. E. Rep. 474. See §§ 3454-55, Va. Code.
Mandamus -Inspection of Poll Books. — Under § 132, Va. Code, the right clearly exists to inspect the poll books, and under § 3586 of the Code, the court of appeals has jurisdiction to issue a writ of mandamus to compel the custodian of such books to allow such inspection, and take proper notes therefrom. See § 84 of the Code ; Keller v. Stone, 96 Va. 667. 32 S. E. Rep. 454. See Gleaves v. Terry, 9? Va. 491, 25 S. E. Rep. 552.
Same — Compelling Inferior Court to Sign Exceptions. —The jurisdiction of the court of appeals by ■mandamus to compel an inferior court to sign and seal bills of exceptions, or to amend such bills according to the truth oi the case, is well settled in this state. Collins v. Christian, 93 Va. 1, 24 S. E. Rep. 472; Page v. Clopton, 30 Gratt. 415, with foot-note containing full list oí authorities on this question.
Same- Where Tried — Statute.—Section 3094 of the Code provides that a writ of 7nandamus shall issue and be tried at the place of session of the court of appeals at which writs of error to such court are to be tried. Section 3091 names Staunton as the place at which writs of error from the hustings court of Staunton shall be heard. The court of appeals sitting in Richmond has no jurisdiction to issue a mandamus to compel the judge of said hustings court to issue a writ for a special election, and the filing of an answer by the judge, in which the question of jurisdiction was not raised, did not confer jurisdiction. Hotchkiss v. Grattan, 90 Va. 642, 19 S. E. Rep. 165.
Same — To Compel Circuit Judge to Try Cause.— Neither under the constitution nor by statute has the supreme court of appeals jurisdiction to issue a mandamus to a judge of the circuit court, to compel him to try a cause therein pending. Barnett v. Meredith. 10 Gratt. 650.
Same- Effect of Similar Jurisdiction of Circuit Court. —Section 3086, Va. Code, giving the supreme court of appeals original jurisdiction to issue writs of mandamus in cases in which a mandamus may issue according to the principles of the common law, does not take a case of which the circuit court also has jurisdiction out of the original jurisdiction of the said court on the ground that, since the circuit court has jurisdiction, the interposition of the court of appeals is not necessary to prevent a failure of justice. Clay v. Ballard, 87 Va. 787, 13 S. E. Rep. 262.
Prohibition — No Jurisdiction over County Courts.— Section 4, ch. 156, Code 1873, provides for the issuance of the writ of prohibition from the court of appeals to the circuit and corporation courts, and to the hustings and chancery courts of the city of Richmond. The county courts are not mentioned, and it is clear that the legislature intended to restrict the jurisdiction of the court to issuing the *836 writ to the courts mentioned in the act. Gresham v. Ewell, 84 Va. 784, 6 S. E. Rep. 134.
X. DISTRICT COURT.
Indictment for Felony — No Jurisdiction without Examination. — The district court has no original jurisdiction to receive and sustain an indictment for felony, before an examination before a court of justices in the manner prescribed by law. Anonymous, 1 Va. Cas. 143.
Same — Prior to 1804. — Before the act of 1804, a person might be tried in the district court for a felony, notwithstanding there had been no enquiry before a court of examination. Com. v. Blakeley, 1 Va. Cas. 129.
Jurisdictional Amount. — A judgment in a district court in an action of assumpsit was arrested upon a verdict for less than $100, because the record did not show that the plaintiff’s demand was reduced below $100 by a set-off offered at the trial on the part of the defendant. Maitland v. M’Dearman, 1 Va. Cas. 131.
The special counts in an action of assumpsit claimed less than $100, but the general count claimed $200, and the damages were laid at $500. The jury being unable to agree the case was submitted to arbitration, the award to be the judgment of the court. The award was for less than $100. Held, that the district court had jurisdiction. Neff v. Talbot, 1 Va. Cas. 140.
Judgment of Former Term Final, — A district court has no power or jurisdiction to reverse, alter, or amend a judgment given at the former terms of the state court, which had been entered on the order book, and signed by a judge in open court. Halley v. Baird, 1 H. & M. 25.
Execution of Decrees of Court of Appeals. — It was held in Scott v. Graves, 4 Call 372, that the state district courts were obliged to execute the decrees of the court of appeals, reversing those of the old court of admiralty, after the dissolution of that court by the organization of the government of the united States, in cases in which the former court of admiralty had jurisdiction by law, at the time of passing the “act establishing district courts, and for regulating the general court," and which was not taken away by the constitution of the United States.
XI. GENERAL COURT.
Jurisdictional Amount. — In Tutt v. Freeman, Jefferson 24, it was held that the jurisdiction of the general court did not depend upon the amount of the judgment given, but upon the amount of damages laid in the declaration, if it was for as much as ten pounds sterling.
Ecclesiastical Jurisdiction. — The general court was held in Godwin v. Lunan, Jefferson 96, to be possessed of ecclesiastical jurisdiction in. general, and as an ecclesiastical court it had the power to censure or deprive a minister in charge of a church, if there should be sufficient cause.
Jurisdiction to Decide Questions of Law from Superior Court. — The general court has no jurisdiction to consider matters of law certified to it for opinion by the higher court of chancery. Com. v. Hening, 1 Va. Cas. 324.
If a superior court decides upon a question at law in a criminal court, and afterwards refers it to the general court for its opinion, the general court has no jurisdiction to consider the question. Com. v. Hening, 1 Va. Cas. 325. But see M’Caul’s Case, 1 Va. Cas. 271.
Same — Consent of Accused. — If a question of law in a criminal prosecution be adjourned from a circuit superior court to the general court, it must appear by the record, that it was adjourned with the consent of the accused. Com. v. Reynolds, 4 Leigh 663.
Same — Same—Outlawry.—In an indictment against a party who has been proceeded against to outlawry, a question cannot be adjourned to the general court, without his consent appearing in the record. Com. v. Pearce, 6 Gratt. 669.
Same-Regular under Rev. Code, — It was held in Com. v. Nix, 11 Leigh 636, that under 1 Rev. Code, ch. 69, § 14, that it was regular to adjourn questions in a criminal case in regard to the effect of the evidence produced, from the circuit court to the general court and the latter court ought to decide them.
Bail in Murder Case — Concurrent Jurisdiction. — It was held in Com. v. Semmes, 11 Leigh 665, that the general court had original concurrent jurisdiction with the circuit superior court to admit a prisoner to bail for good cause, where he is confined in jail upon an indictment for murder.
Habeas Corpus — Judgment of Oyer and Terminer Court. — A prisoner confined in the penitentiary under the judgment of a court of oyer and terminer, for an offence which said court had no jurisdiction to try, may be discharged by the general court upon a writ of habeas corpus. Cropper v. Com., 2 Rob. 842.
Felonies — Committed beyond Territorial Limits. — By cl. 1, § 7, Act, 1 Rev. Code 1792, ch. 136, all treasons, etc., and other offences against the commonwealth, except piracies and felonies on the high seas, though committed beyond the territorial limits of the state, are indictable and punishable in the general court. Com. v. Gaines, 3 Va. Cas. 172.
Same — Committed on Bays, Rivers, Creeks, etc.— The federal courts of admiralty established under the articles of confederation, had power to try piracies and felonies on the high seas only; the Virginia court of admiralty was excluded from the jurisdiction in all capital cases, and hence it also' follows that the general court as one of common law had jurisdiction in 1786, to try all felonies committed on the bay, rivers, creeks, etc. Com. v. Gaines, 2 Va. Cas. 172.
Prior to the Revolution, the commissioners of admiralty appointed under the great seal of England, had jurisdiction to try all treasons, felonies, and piracies committed, not only on the high seas, but on the bays and rivers. Those powers ceased with the revolution. By the act of 1777, the general court was vested with the power of trying those offences within the limits of the commonwealth, on the bay and rivers, as well as on the land. Com. v. Gaines, 2 Va. Cas. 172.
Larceny of Horse in District of Columbia. — Under Act, 1 Rev. Code 1792, ch. 136, § 7, if a citizen of Virginia steal a horse from another citizen in the District of Columbia, he may under said law be indicted, tried, convicted and sentenced in the general court. Com. v. Gaines, 2 Va. Cas. 172.
XII. FEDERAL COURTS.
Decision of Highest State Court Construing Statutes Controls. — The decision of the highest court of a state in the construction of its statutes, and as to the validity or invalidity of contracts dependent only on such statutes, is the controlling rule of decision in federal courts, where there is no federal ques *837 tion. Clarksburg, etc., Co. v. City of Clarksburg, 47 W. Va. 739, 35 S. E. Rep. 994.
Effect of Mandate in State Court. — The court of appeals of Virginia will consider whether a mandate issued by the supreme court of the united States directing it to render a judgment, reversing one which it had pronounced before, be authorized by the constitution or not, and being of opinion such mandate is not so authorized will disobey it. Hunter v. Martin, 4 Munf. 1. See Hunter v. Martin (U. S.), 1 Wheat. 304, and Cohens v. Virginia (U. S.), 6 Wheat. 264, when the United States supreme court overruled the above case.
Right of Foreign -Corporation to Resort to Federal Courts. — A state cannot by mere legislative declaration deprive a foreign corporation of its right to resort to the federal courts, in cases where such right is conferred by the constitution and laws of the United States. Rece v. Newport News, etc., Co., 32 W. Va. 161, 9 S. E. Rep. 212.
Suit to Wind Up Bank — Debtor Entitled to Be Sued in State Court. — In a suit in the federal circuit court for the district of Virginia, brought by the citizens of Maryland, against a Virginia bank, to have its assets disbursed, upon the petition of the plaintiffs and upon notice to a debtor of the bank who was a citizen of Virginia, the court rendered judgment against him. It was held that the debtor being a citizen of Virginia, the court had no jurisdiction in the case to render the judgment against him, as he was entitled to be sued in the courts of his own state. Nulton v. Isaacs, 30 Gratt. 726.
Court of Conciliation — Not Obligatory on Party Not Consenting. — The decision of the court of conciliation, established after the war, to adjust disputes during the suspension of the civil authority is not obligatory upon a party who did not consent to its hearing. Myers v. Whitfield, 22 Gratt. 780.
Rule of Practice — Conflict with Act of Congress. — ff a rule of practice prescribed to the circuit cou'rts by the supreme court of the United States, is in conflict with an act of congress, the rule is void. Suckley v. Rotchford, 12 Gratt. 60, 65 Am. Dec. 240.
XIII. GENERAL POWER AND JURISDICTION OF STATE COURTS.
1. IN GENERAL.
To Close Streets in Interest of Justice.— By order of a judge of a state court, the street in front of a courthouse is closed with ropes to prevent travel, as the noises occasioned thereby disturb the court, and interfere with the administration of justice. He has power to do so, and the city is not liable for an injury occasioned thereby to a traveler, whose injury is caused by his own imprudence. Belvin v. City of Richmond, 85 Va. 574, 8 S. E. Rep. 378.
No Discretionary Power to Refuse Aid.--A court of law possesses no discretionary power to refuse its aid, out of deference to any supposed policy forbidding the assertion of a stale demand, Hutson-piller v. Stover, 12 Gratt. 579.
Can Recommend bat Not Direct Nonsuit. — It is within the power of the court to recommend a nonsuit, but it cannot direct it to be entered against the will of the plaintiff. Ross v. Gill, 1 Wash. 87. And on motion for a nonsuit it may give its opinion that the plaintiff has-no cause of action, or it may refuse its opinion. Thweat v. Pinch, 1 wash. 217.
Guard Execution of Process. — Every court has the power to watch oyer the execution of its process, and where it has been irregularly, or fraudulently executed, to quash it. Hendricks v. Dundass, 2 Wash. 50.
Cannot Instruct as to Weight of Evidence. — The court has no right to instruct the jury as to the weight of evidence, that being a subject onlv proper for the decision of that body. Keel v. Herbert, 1 Wash. 203.
Can Decide Admissibility of Evidence. — rt is the province of the court to decide on the admissibility of testimony, andofthejury, to decide onits weight. Bogle v. Sullivant, 1 Call 561.
Effect on Slate Court by Appointment of a Trastee Receiver by Federal Court. — A trustee of a bank in liquidation transfers a note due the bank to one of its creditors. Afterwards an order was made in a suit in a federal court, in which the trustee was a defendant, appointing him receiver in the cause. The transfer being made before the appointment of the trustee as receiver, the state court has jurisdiction of the case. Alexandria, etc., R. Co. v. Burke, 22 Gratt. 254.
3.ABSTRACT QUESTIONS.
Legislature Can Give No Power to Decide. — It is the province of courts to decide what the law is, and determine its application to particular iacts in the decision of causes. They cannot be empowered by the legislature to pass upon the constitutionality or validity of a legislative act or city ordinance as a general and abstract question;! the question must be whether the act or ordinance furnishes the rule to govern the particular case before the court. Shepherd v. City of Wheeling, 30 W. Va. 479. 4 S. E. Rep. 635.
While a mandamus was pending in the supreme court to determine a petitioner’s right toan office, the legislatu re passed on this right, it was held that the court would not decide an abstract question. Flanagan v. Central Lunatic Asylum, 79 Va. 554.
3. CONTEMPTS.
Inherent Power to Punish. — In the courts of the state created by the constitution there is an inherent power to punish for contempt, which may be regulated, but not destroyed, or so far diminished by legislative enactment as to be rendered ineffectual. This is a power necessary to be exercised by the court itself, and an act which deprives the court of this power by giving its exercise to a jury is unconstitutional. Carter’s Case, 96 Va. 791, 32 S. E. Rep. 780; Wells v. Com., 21 Gratt. 503; Dandridge’s Case, 2 Va. Gas. 408; State v. McClaugherty, 33 W. Va. 250, 10 S. E. Rep. 407; State v. Frew, 21 W. Va. 416; State v. Hansford, 43 W. Va. 773, 28 S. E. Rep. 792; State v. Irwin, 30 W. Va. 404, 4 S. E. Rep. 413; Elam v. Com., 4 Va. Law Reg. 520.
4. PATENTS.
■ Contract Concerning Patent Rights — Validity Arising Collaterally. — 1The state courts have 1 urisdiction over questions arising out of contracts made concerning patent rights, where the validity of the patent arises collaterally, and is not directly involved. Hotchkiss v. Fitzgerald, etc., Co., 41 W. Va. 357, 23 S. E. Rep. 576.
When the validity of a patent right is directly adjudicated, it is within the exclusive jurisdiction of the federal courts, yet a canse of action may relate to the subject-matter of the patent right which does not involve directly the validity of it, then it is within the jurisdiction of the state court. Maurice v. Devol, 23 W. Va. 247.
5. WHEN STATE TS INTERESTED.
Suits by Commonwealth. — Except when it is otherwise specially provided, any of the courts have jurisdiction over suits by the commonwealth, in cases in which other parties may prosecute like *838 suits. Seelch. 166, Code Va. 1873; Com. v. Ford, 29 Gratt. 683.
Suits against Agents of Government. — The true owner of property, found in possession of agents or officers of ittie government under a void title, may bring an action against such agents and officers for its recovery, and it is no answer to say, that the state has* an interest in or claim to the property. In such peases jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record. Board of Public Works v. Gannt, 76 Va. 455. See full discussion of this question by Chief Justice Marshall in Osborn v. U. S. Bank, 9 Wheat. (U. S.) 738, 856.
6. OVER FEDERAL AFFAIRS.
Execution of Decree of Federal Court. — \A state court has no jurisdiction to enjoin the execution of a decree of a federal court. Dorr v. Rohr, 82 Va. 359.
Offences by Acts of Congress, — The courts of this commonwealth have no jurisdiction to try offences created by acts of congress. Com. v. Feely, 1 Va. Cas. 321.
Penal Laws of Congress. — The penal laws of congress cannot be enforced in the state courts, as they do not have any of the judicial powers of the United States. Jackson v. Rose, 2 Va. Cas. 34.
Judicial Power of the United States. — By the constitution, the judicial power of the United States is vested in the supreme court, and inferior courts to be ordained and established by congress. Therefore state courts have no right to exercise that judicial power. Jackson v. Rose, 2 Va. Cas. 34.
State Constitution in Violation of United States Constitution. — A state court has jurisdiction to decide that a provision in the constitution of the state is in violation of the constitution of the United States. The Homestead Cases, 22 Gratt. 266.
Federal Officers ^Cannot Be Garnished in Federal Property. — where the land on which a federal corporation has its buildings was purchased by the United States with consent of the state legislature, it is under the exclusive jurisdiction of the federal government. A state court cannot attach or garnish funds in the hands of its officers. Foley v. Shriver, 81 Va. 568.
7. EFFECT OF BANKRUPT PROCEEDINGS.— See monographic note on “Bankruptcy and Insolvency” appended to Dillard v. Collins, 25 Gratt. 343.
Liens Prior to Petition — Enforcement in State Court. —Where judgments were rendered and docketed, and liens acquired, against a debtor before he filed his petition in bankruptcy, and before his homestead right existed, it was competent for the judgment-lien creditors to seek enforcement in a state court, as the plaintiffs were not parties to the bankrupt proceedings, and no question was raised there as to the liens on the land allotted as a homestead. Mc-Allister v. Bodkin, 76 Va. 809. See Spilman v. Johnson, 27 Gratt. 38; Ferrell v. Madigan, 76 Va. 195.
A state court has jurisdiction to enforce a lien against the land of a debtor, but for a proceeding in bankruptcy, and if that jurisdiction is not ousted by the interference of the bankrupt court, the state court may lawfully proceed to enforce the lien. Beall v. Walker, 26 W. Va. 741.
When a bankrupt court orders property sold subject to its liens thereon, there is no reason why a state court should not proceed to enforce the lien. Beall v. Walker, 26 W. Va. 741.
Where neither a bankrupt court, the assignee nor any creditor objects, a state court has jurisdiction' to proceed with a suit to enforce prior liens on the property assigned. Beall v. Walker, 26 W. Va. 741.
Lien Creditor Hay Decline to Appear in Bankrupt Court. — A lien creditor of a bankrupt may either decline to appear in the bankrupt court, or he may proceed there to establish his debt, and rely upon his security. But if he takes an active part in those proceedings, he cannot afterwards go in a state court to satisfy his judgment. Spilman v. Johnson, 27 Gratt. 38.
Jurisdiction of State Court Not Ousted by Defendant’s Going in Bankruptcy. — When a state court has possession of a case, and makes a decree therein, its jurisdiction cannot be ousted'by the defendant’s going in bankruptcy; he can only proceed in the state court to protect his rights. Barr v. White, 30 Gratt. 531.
Same — Creditors’ Suit. — After a creditors’ suit has been brought in a state court, its jurisdiction over the parties cannot be ousted by the defendant going into bankruptcy and being adjudged a bankrupt by a federal court. Sively v. Campbell, 23 Gratt. 893.
Same — Lien Creditor Not a Party — Effect of Notice to Creditors and Proof of Debt. — The jurisdiction of a state court to enforce a lien, in which suit the lien debtor is made a party and defends, is not divested by subsequent proceedings by him in bankruptcy, to which the lien creditor is not made a party, the assignee not becoming a party to the suit in the state court; and the creditor does not become a party to the bankruptcy proceedings because of notice to creditors to prove their debts, nor does he by proving his debts. The rule is that the court that first takes jurisdiction of the parties and the subject-matter retains it. Francisco v. Shelton, 85 Va. 779. 8 S. E. Rep. 789.
Bankrupt Court Has No Jurisdiction oyer Lands Conveyed Prior to Adjudgment. — A bankrupt court has jurisdiction over all the property of a bankrupt, including that which has been conveyed by him in fraud of his creditors or in fraud of the law. But it has no jurisdiction over land which has been bona jide conveyed before he was adjudged a bankrupt, and the state court has jurisdiction over such aliened lands at the suit of a creditor. Parker v. Dillard, 75 Va. 418.
Bankrupt Act 1841 — Fraudulent Conveyance Priorto Petition. — Under the bankrupt act, August 19, 3841, it was held that creditors who had not proved their debts in bankruptcy, might institute suits to set aside fraudulent conveyances of their debtor before he filed his petition in bankruptcy, and might impeach his discharge on the ground of fraud or concealment of property, contrary to the provisions of the act, and that such suit might be instituted in any court, state or federal, in which independent of the act, a suit maybe properly brought against the bankrupt. Tichenor v. Allen, 13 Gratt. 35; Beall v. Walker. 26 W. Va. 746.